## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

REBECCA ARMOUR, *et al.*,
    *Plaintiffs*,

v.

JEREMY GOLD, *et al.*,
    *Defendants*

Action No. 25-cv-2790-ABA

### MEMORANDUM OPINION

    Self-represented Plaintiffs Rebecca and Stefan Armour have sued their next-door neighbors Jeremy and Danielle Gold alleging violations of 42 U.S.C. § 1983, the Fair Housing Act, 42 U.S.C. §§ 3604 & 3617, and various state laws. ECF No. 1. Plaintiffs allege that, among other things, Defendants have harassed Plaintiffs, provided false reports to the police, animal control, and "county permitting/licensing," stalked Plaintiffs, and defamed Plaintiffs. Plaintiffs have moved for *in forma pauperis* status, and those motions are pending. ECF Nos. 8 & 9. For the reasons that follow, the complaint will be dismissed without prejudice.

### Discussion

    Federal courts have limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Federal courts have original jurisdiction over civil cases, with some exceptions that are not relevant here, in only two instances: (1) under federal question jurisdiction, where the case involves an issue of federal law, *see* 28 U.S.C. § 1331, or (2) under diversity jurisdiction, where the parties in the case are citizens of different states and the amount

in controversy exceeds $75,000, *see* 28 U.S.C. § 1332. Plaintiffs contend that this Court has federal question jurisdiction under section 1331 and supplemental jurisdiction over their state law claims pursuant to 28 U.S.C. § 1367. ECF No. 1 ¶ 7. "Supplemental jurisdiction . . . allows parties to append state law claims over which federal courts would otherwise lack jurisdiction, so long as they form part of the same case or controversy as the federal claims." *Shanaghan v. Cahill*, 59 F.3d 106, 109 (4th Cir. 1995). "[A] court has discretion to dismiss or keep a case when it 'has dismissed all claims over which it has original jurisdiction'" and the "trial courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished." *Id.* at 110 (quoting 28 U.S.C. § 1367(c)(3)).

While the Court is mindful of its obligation to liberally construe the pleadings of self-represented litigants, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), liberal construction does not mean that this Court can ignore a clear failure to allege facts that set forth a plausible claim, *see Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). "[F]rivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid" *Chong Su Yi v. Soc. Sec. Admin.*, 554 F. App'x 247, 248 (4th Cir. 2014). In this case, Plaintiffs have not paid the fee and have instead moved for *in forma pauperis* status. In such a situation, "the court shall dismiss the case" if it determines that, among other things, the action is "frivolous" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2).

As stated, Plaintiffs raise two federal claims, under section 1983 and the Fair Housing Act. Neither has been adequately pled and neither can be adequately pled against the currently named Defendants. Therefore, for the reasons stated below, the

2

Court will dismiss the federal claims and decline to exercise supplemental jurisdiction over the remaining state law claims.

### A.     42 U.S.C. § 1983

Section 1983 of Title 42 of the United States Code provides that a plaintiff may file suit against any "person" who, acting under color of state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. *See, e.g., Filarsky v. Delia*, 566 U.S. 377, 383–84 (2012); *Graves v. Loi*, 930 F.3d 307, 318–19 (4th Cir. 2019). To state a claim under section 1983, a plaintiff must allege (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a "person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Here, Plaintiffs have not alleged that either named Defendant is a "person acting under the color of state law." Plaintiffs merely allege that Defendants are their neighbors and have submitted false reports to the police, animal control and "county permitting/licensing." ECF No. 1 ¶ 9. Plaintiffs allege without any elaboration that "Defendants acted . . . , upon information and belief, *in joint action* with one or more public employees/officials." *Id.* ¶ 12. But such a conclusory statement of the involvement of unnamed state actors is insufficient to meet Plaintiffs' pleading burden. *ACA Fin. Guar. Corp. v. City of Buena Vista*, 917 F.3d 206, 211 (4th Cir. 2019) (providing that mere "[l]abels, conclusions, recitation of a claim's elements, and naked assertions devoid of further factual enhancement will not suffice to meet the Rule 8 pleading standard"). Thus, Plaintiffs have failed to adequately plead a section 1983 claim.

### B. Fair Housing Act

Among other things, 42 U.S.C. § 3604 makes it unlawful to discriminate in the sale or rental of a dwelling based on race, color, religion, sex, familiar status, or national origin. 42 U.S.C. § 3604. And section 3617 makes it unlawful to threaten another for exercising their rights under section 3604. Plaintiffs have not alleged that they have attempted to rent or purchase any property from Defendants, or alleged any discrimination based on the statuses listed in section 3604. Therefore, Plaintiffs have failed to adequately plead a Fair Housing Act claim.

### C. Supplemental Jurisdiction

Having found no viable claims that would provide this Court with original federal jurisdiction, the Court declines to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over" related state law claims if "the district court has dismissed all claims over which it has original jurisdiction."); *Shanaghan*, 59 F.3d at 109. Therefore, the remainder of the claims will be dismissed without prejudice to be raised, if at all, in a state court with subject matter jurisdiction.

## Conclusion

Because Plaintiffs have failed to adequately allege a federal claim, and because the Court declines to exercise supplemental jurisdiction over the remaining state law claims, it will dismiss the complaint without prejudice. If Plaintiffs wish to file an amended complaint adequately alleging a federal cause of action, they must do so within 30 days of this Order. If Plaintiffs do not file an adequate amended complaint by that date, the dismissal of the federal claims will become a dismissal with prejudice and the

case will be closed. In that event, the state law claims will remain dismissed without prejudice to be raised, if at all, in the appropriate state court.

A separate order follows.

Date:  September 30, 2025                               _____/s/_____
                                                                          Adam B. Abelson
                                                                          United States District Judge